Case 3:12-mc-00196-MO   Document 1-17   Filed 05/29/12   Page 1 of 16
Case 11-03309-rld   Doc 71   Filed 04/26/12

DISTRICT OF OREGON
**F I L E D**
April 26, 2012
Clerk, U.S. Bankruptcy Court

Below is the Court's Report and Recommendation.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case |
| Lauren John Paulson, ) | No. 09-32439-rld7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| Lauren John Paulson, ) | Adv. Proc. No. 11-03309-rld |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Matt Arbaugh, Amy Mitchell, and ) | REPORT AND RECOMMENDATION TO |
| Craig Russillo, ) | THE DISTRICT COURT RE: |
| ) | DEFENDANT MATT ARBAUGH'S |
| Defendants. ) | MOTION FOR SUMMARY JUDGMENT |
| _____) | |

On April 4, 2012, I heard oral argument ("Argument") on Defendant Matt Arbaugh's Motion for Summary Judgment ("Arbaugh SJ Motion") (see Docket #25). Plaintiff, Lauren John Paulson ("Mr. Paulson"), neither filed a response to the Arbaugh SJ Motion nor

/ / /

Page 1 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
        DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

1 appeared at the Argument.  Mr. Arbaugh was represented at the Argument by
2 Paul A.C. Berg ("Mr. Berg") and Susan K. Eggum ("Ms. Eggum").
3         I have reviewed Mr. Paulson's amended complaint ("Amended
4 Complaint"), which is in the record as Exhibit 1 to the Notice of Removal
5 (see Docket #1), the Arbaugh SJ Motion, together with the memorandum, the
6 concise statement of material facts, and the Declarations of Mr. Arbaugh
7 ("Arbaugh Declaration"), Defendant Craig Russillo ("Mr. Russillo;"
8 "Russillo Declaration"), and Mr. Berg ("Berg Declaration"), with their
9 attached exhibits provided as evidentiary support for the Arbaugh SJ
10 Motion.  (I also reviewed the declaration Mr. Berg filed in connection
11 with Mr. Russillo's motion for summary judgment to substantiate a common
12 fact.  See n.2 below.)  For the reasons set forth below, I recommend
13 pursuant to Rule 9033[1] that the district court grant the Arbaugh SJ
14 Motion, as authorized by Civil Rule 56(a), applicable in this adversary
15 proceeding pursuant to Rule 7056.

16                         Factual Background

17      In my Memorandum Decisions re (1) Motion to Recuse and (2)
18 Plaintiff's Motion for a Visiting Out of District Judge entered on
19 February 7, 2012, I set out in detail the factual background of this
20 adversary proceeding.  See Docket #41.  I largely restate that background
21 here, followed by an incorporation of my discussion of the proceedings in

---

[1] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 2 -  REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
          DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

1  relation to the Arbaugh SJ Motion restated with minor amendments from the
2  Order Denying Plaintiff's Second Motion to [Extend Time to] Respond to
3  Motions for Summary Judgment, entered March 27, 2012.  See Docket #61.

4      Mr. Paulson, as the sole and managing member of Huber-Wheeler
5  Crossing, LLC (the "LLC"), signed documents through which the LLC
6  borrowed funds (the "Loan") from Fairway Commercial Mortgage Corporation
7  ("Fairway").  Fairway was the predecessor-in-interest of FHLF, LLC
8  ("FHLF").  Mr. Russillo was the attorney for both Fairway and FHLF.

9      The Loan was secured by three parcels of real property owned by
10 the LLC, and by a fourth parcel of real property owned by the Lauren
11 Paulson Trust (collectively, the "Property").  "All of the documentation
12 for the Loan identifies the Loan as a commercial loan and identifies the
13 LLC as the borrower."  Memorandum, Paulson v. Mitchell (In re Paulson),
14 BAP No. OR-10-1173-MkHJu at 2:20-21 (9th Cir. BAP May 10, 2011).

15     In February 2008, the LLC defaulted on payments due under the
16 Loan.  Following unsuccessful efforts both to renegotiate the Loan and to
17 sell the Property, Fairway formally demanded cure of the Loan default.
18 In response, Mr. Paulson commenced litigation against Fairway in the
19 United States District Court for the District of Oregon, Case No. CV-08-
20 00982-ST, which has been referred to as the Predatory Lending Lawsuit.
21 In March 2009, Fairway filed a Civil Rule 12(b)(6) motion to dismiss most
22 of the claims for relief in the Predatory Lending Lawsuit.  Fairway also
23 began actively to pursue foreclosure proceedings.
24 / / /
25 / / /
26

Page 3 -  REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
          DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

1    In April 2009, the LLC conveyed to Mr. Paulson the real
2 property it owned which secured the Loan.[2]  Thereafter, Mr. Paulson filed
3 a voluntary chapter 11 case on April 8, 2009, and the case was assigned
4 to me.  Mr. Arbaugh was Mr. Paulson's attorney of record.  Through Mr.
5 Arbaugh, Mr. Paulson entered into a stipulated order with Fairway, which
6 allowed Mr. Paulson until September 14, 2009 to sell the Property.  In
7 the absence of a sale by that date, Fairway could resume its foreclosure
8 proceedings.  When Mr. Paulson failed to sell the Property by September
9 14, 2009, Fairway completed its nonjudicial foreclosure through a credit
10 bid on the Property on September 25, 2009.

11    On November 25, 2009, on Mr. Paulson's motion, I converted his
12 bankruptcy case from chapter 11 to chapter 7.  Defendant Amy Mitchell
13 ("Trustee") was appointed as the chapter 7 trustee in the case.

14    In January 2010, I granted FHLF relief from the automatic stay
15 to pursue a state court forcible entry and detainer action ("FED Action")
16 for possession of the Property.  Alleging wrongful foreclosure of the
17 Property, Mr. Paulson filed a response to FHLF's motion, but neither he
18 nor Mr. Arbaugh appeared at the hearing on FHLF's motion held December
19 29, 2009.  At that hearing, I explained that any issues Mr. Paulson had
20 relating to wrongful foreclosure could be raised in the FED Action.

21    On February 25, 2010, the Trustee filed a motion for authority
22 to settle ("Settlement Motion") Mr. Paulson's Predatory Lending Lawsuit
23 with Fairway in exchange for Fairway's payment of $5,000 to Mr. Paulson's

---

[2] See 3:6 of Exhibit 14 to Mr. Berg's declaration filed in support of Mr. Russillo's motion for summary judgment.

Page 4 -   REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
           DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

bankruptcy estate, which I granted over Mr. Paulson's objection, following an evidentiary hearing held May 7, 2010. Mr. Arbaugh then requested permission to withdraw as Mr. Paulson's counsel in the bankruptcy case, which I also granted.[3]

On September 19, 2011, Mr. Paulson sued Mr. Arbaugh, Mr. Russillo, and the Trustee in the Multnomah County Circuit Court, Case No. 1109-12166. The state court litigation alleges malpractice against Mr. Arbaugh. It also alleges (1) a civil conspiracy between and among all defendants to obtain legal title to Mr. Paulson's property by unlawful means, and (2) a claim for punitive damages based upon the defendants' alleged intentional infliction of emotional distress on Mr. Paulson.

Mr. Arbaugh and Mr. Russillo filed a notice of removal, to which the Trustee consented, thereby initiating this adversary proceeding, on the basis that Mr. Paulson's claims for relief arose from his bankruptcy case.

At the status hearing/pre-trial conference ("November 29 Pre-Trial Conference"), having reviewed the Amended Complaint and the defendants' answers, I identified the claims for relief that appeared to

---

[3] Acting pro se, Mr. Paulson appealed my order approving the settlement to the Bankruptcy Appellate Panel ("BAP"), which affirmed. A copy of the BAP's decision and its judgment of affirmance were received by the Clerk of the Bankruptcy Court on May 31, 2011, and docketed in Mr. Paulson's chapter 7 case as Docket No. 123 on June 1, 2011. Russillo Declaration, Exhibit 2. Mr. Paulson's appeal of the BAP's decision to the Ninth Circuit Court of Appeals was dismissed August 16, 2011 based upon Mr. Paulson's failure to pay the docketing/filing fees in his appeal to the Ninth Circuit. Russillo Declaration, Exhibit 3. See also Docket Nos. 124 and 125 in Mr. Paulson's chapter 7 bankruptcy case.

Page 5 -  REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
          DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

1  involve issues of law rather than issues of fact, and invited summary
2  judgment motions from each of the defendants on those issues.  Following
3  the November 29 Pre-Trial Conference, I entered a scheduling order which
4  required that the Mr. Arbaugh file the Arbaugh SJ Motion by December 30,
5  2011.  The court's local rules required that Mr. Paulson respond to the
6  Arbaugh SJ Motion 14 days after it was filed.  See LBR 7056-1(d),
7  incorporating LBR 7007-1(b).  After discussion with the parties, and in
8  light of Mr. Paulson's pro se status, I set February 10, 2012 as the
9  deadline for Mr. Paulson to respond to the Arbaugh SJ Motion, which gave
10 Mr. Paulson 42 days to respond to the Arbaugh SJ Motion.
11         Thereafter Mr. Arbaugh moved for a one-week extension of the
12 deadline for filing the Arbaugh SJ Motion.  I granted the extension
13 request without hearing.  The Arbaugh SJ Motion was filed January 9,
14 2012.  In order to preserve Mr. Paulson's extended response period
15 previously included in the scheduling order, I sua sponte entered an
16 amended scheduling order, which set February 17, 2012 as the new deadline
17 for Mr. Paulson's response.  Under the amended scheduling order,
18 Mr. Paulson had a period of 39 days to respond to the Arbaugh SJ Motion.
19         On the same day that the amended scheduling order was entered,
20 Mr. Paulson filed a motion to extend the time for filing his responses
21 (to the Arbaugh SJ Motion as well as to the summary judgment motions
22 filed by Mr. Russillo and by the Trustee) "until such time as discovery
23 and requests for production are completed."  Following a hearing on
24 Mr. Paulson's motion, I entered a further amended scheduling order which
25 set March 19, 2012 as the new deadline for Mr. Paulson's response to all
26

Page 6 -  REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
          DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

pending summary judgment motions.  As a result of the new deadline, Mr. Paulson had a total of 70 days to respond to the Arbaugh SJ Motion.

On March 16, 2012, one business day prior to the response deadline under the further amended scheduling order, I held a hearing ("March 16 Hearing") on Mr. Paulson's motion to compel discovery from Mr. Arbaugh and Mr. Russillo.  At the hearing, Mr. Paulson was unable to identify any document he had requested that had not been provided.  Accordingly, I entered an order denying the motion to compel.  Although the March 19, 2012, response deadline was discussed at the March 16 Hearing, Mr. Paulson did not request a further extension of the response deadline.

Mr. Paulson did not file his response to the Arbaugh SJ Motion by the extended response deadline.  Two days after the extended response deadline passed, Mr. Paulson filed a motion seeking a further extension ("Motion for Further Extension") of the response deadline for a period of 45 days, on the basis that he wanted to take the depositions of Mr. Arbaugh and Mr. Russillo.

I denied Mr. Paulson's Motion for Further Extension.  The Order Denying Plaintiff's Second Motion to [Extend Time to] Respond to Motions for Summary Judgment concluded:  "Oral argument on . . . [the Arbaugh SJ Motion] will be held on April 4, 2012, as set forth in the further scheduling order entered February 15, 2012.  See docket #49."

As I stated earlier, Mr. Paulson neither filed a response to the Arbaugh SJ Motion nor appeared at the Argument.  After the Argument, I took the Arbaugh SJ Motion under advisement.

Page 7 -  REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
          DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

<u>Jurisdiction</u>

Pursuant to 28 U.S.C. § 157(b)(3), I must determine whether the allegations of the Amended Complaint fall within my core jurisdiction. I conclude alternatively that they do not, or if they do, I have no authority to enter a final order or judgment on the issues.

<u>The claims for relief do not arise under title 11</u>

28 U.S.C. § 157(b)(2) provides that matters are within my core jurisdiction if they arise under title 11. The claims for relief Mr. Paulson asserts in his Amended Complaint against Mr. Arbaugh are (1) malpractice, (2) an alleged civil conspiracy in connection with the foreclosure of the Property, and (3) alleged intentional infliction of emotional distress ("IIED") upon Mr. Paulson as a result of the actions which resulted in the foreclosure sale of the Property. These are state law claims for relief. As such, they cannot be said to arise under title 11.

<u>The conspiracy and IIED claims do not arise in a case under title 11</u>

28 U.S.C. § 157(b)(2) further provides that matters that arise in a case under title 11 are within my core jurisdiction. The conspiracy and IIED claims, in effect, are premised on Mr. Paulson's assertion that the Property was wrongly foreclosed because FHLF lacked standing. The actions complained of in those claims for relief were taken in furtherance of foreclosure outside of the bankruptcy case. Those actions that took place in the context of the administration of the chapter 11 case, obtaining relief from the automatic stay and settlement

Page 8 -  REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
         DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

of the Predatory Lending Lawsuit, being only a part of the alleged conspiracy, are not sufficient to establish that the conspiracy and IIED claims for relief against Mr. Arbaugh arose in Mr. Paulson's bankruptcy case.

Because the conspiracy and IIED claims neither arise under title 11 nor arise in a case under title 11, at best they can be considered to be related to a case under title 11, and therefore non-core. It is undisputed that without the consent of the parties I have no authority to enter a final judgment in a non-core matter.

At Argument, counsel for Mr. Berg urged that I deem that Mr. Paulson had consented to my entry of the final judgment with respect to his claims for relief because Mr. Paulson had participated in the adversary proceeding while it was pending before me. I do not deem Mr. Paulson's participation in this adversary proceeding sufficient to constitute such consent, particularly where his chosen forum for the current litigation was the state court. Mr. Paulson's Amended Complaint was removed to this court by the defendants, not by any action of Mr. Paulson.

<u>Although it arose in a case under title 11, I have no authority to enter a final judgment with respect to the malpractice claim for relief.</u>

Oregon bankruptcy courts have recognized that a malpractice claim relating to attorney services rendered in connection with a debtor's bankruptcy case is a claim that "arises in" a case under title 11 such that the bankruptcy court has core jurisdiction to decide the

Page 9 -   REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
            DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

malpractice claim.  <u>Smith-Canfield v. Spencer (In re Smith-Canfield)</u>, 2011 WL 1883833 (Bankr. D. Or. May 17, 2011).[4]  However, under the Supreme Court's decision in <u>Stern v. Marshall</u>, 131 S. Ct. 2594 U.S. 2612-15 (2011), even if the complaint falls within my core "arising in" jurisdiction, I likely am without the authority to enter a final judgment where Mr. Paulson's complaint is based upon state common law claims.

> . . . recent cases view Northern Pipeline as "establish[ing] only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review."  Just so: Substitute "tort" for "contract," and that statement directly covers this case.

<u>Id.</u> at 2615 (internal citations omitted).

Ultimately, because I conclude that I have no authority to enter a final judgment in connection with the Arbaugh SJ Motion, I have prepared this Report and Recommendation to the District Court as my

/ / /

---

[4] In <u>Smith-Canfield</u>, Judge Alley noted that "<u>Harris v. Whitman (In re Harris)</u>, 590 F.3d 730, 737 (9th Cir. 2010), <u>cert. denied</u>, ___ U.S. ___, 130 S. Ct. 3413, 177 L. Ed. 2d 325 (2010) made clear that the *sine qua non* of 'arising in' jurisdiction is whether the cause of action would have no existence outside of a bankruptcy case, not whether another forum could entertain it."  2011 WL 1883833 *4.  While Mr. Paulson's malpractice claim relates primarily to Mr. Arbaugh's representation of Mr. Paulson as his counsel of record in his bankruptcy case, since the primary motivation behind Mr. Paulson's bankruptcy filing apparently was to delay or prevent a foreclosure sale of the Property under Oregon state law, I cannot find definitively on the record before me that Mr. Paulson's malpractice claim would have no existence outside his bankruptcy case.  If the malpractice claim does not fall within my "arising in" jurisdiction, it is at best within my "related to" jurisdiction.  In any case, I am without authority to enter a final disposition without the express consent of Mr. Paulson.

Page 10 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
         DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

proposed findings of fact and conclusions of law pursuant to Rule 9033(a).

### Discussion

Under Civil Rule 56(a), applicable under Rule 7056, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment should not be entered when there are disputes over facts that may affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The movant initially bears the burden of showing that there are no genuine issues of material fact. Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the movant satisfies this burden, then the opposing party must produce sufficient evidence, through affidavits or admissible discovery material, to demonstrate that genuine material factual disputes exist. Id. The nonmoving party cannot rely on the allegations in its pleadings to meet that burden. Nelson v. Pima Cmty. College, 83 F.3d 1075, 1081-82 (9th Cir. 1996)("[M]ere allegations and speculation do not create a factual dispute for the purpose of summary judgment."). In the absence of a response by Mr. Paulson, I may, and I do, consider the facts set out by Mr. Arbaugh as undisputed for purposes of the Arbaugh SJ Motion. 10 COLLIER ON BANKRUPTCY ¶ 7056.07 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010).

However, Mr. Paulson's failure to respond is not a basis to grant the Arbaugh SJ Motion by default. Id. In order to grant the

Page 11 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
         DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

Arbaugh SJ Motion, I must find that it and the supporting materials, including the undisputed facts, demonstrate that Mr. Arbaugh is entitled to judgment as a matter of law.

### The conspiracy and IIED claims for relief

In paragraph 7 of his Amended Complaint, Mr. Paulson alleges that Mr. Arbaugh:

> N. Conspired with [the Trustee and Mr. Russillo] to truncate [the Predatory Lending Litigation] for a $5,000 settlement which defrauded [Mr. Paulson] out of over $750,000 of [his] assets.
>
> O. Conspired with [the Trustee and Mr. Russillo] to allow illegal jurisdiction proceedings when in truth and in fact [FHLF] had no constitutional standing in any forum.
>
> P. Conspired with [the Trustee and Mr. Russillo] to allow liquidation and confiscation of all of [Mr. Paulson's] assets.
>
> . . .
>
> S. Conspired with [the Trustee and Mr. Russillo] in the Fall of 2009 to prevent the sale of [Mr. Paulson's] assets on terms favorable to the putative creditors and [Mr. Paulson] that would have kept [Mr. Paulson] in his home and hearth.
>
> T. Conspired with [the Trustee and Mr. Russillo] to prevent the reverse mortgage that [Mr. Paulson] was eligible for through Homestreet Bank that would have resolved the putative claims of the creditors and kept [Mr. Paulson] in his home and hearth.

See Notice of Removal, Exhibit 2, page 4. Mr. Arbaugh's direct response to these allegations is that they are "preposterous and false." Arbaugh Declaration, page 2, paragraph 6. This conclusion is supported by the documentary evidence submitted in support of the Arbaugh SJ Motion. However, in any event, it is clear that the complaint does not contain adequate allegations of a conspiracy.

Page 12 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE: DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

1    Under Oregon law,

2    A civil conspiracy consists of (1) two or more persons; (2) an
     object to be accomplished; (3) a meeting of the minds on the
3    object or course of action; (4) one or more unlawful overt
     acts; and (5) damages as a result of the overt act or acts.

Morasch v. Hood, 222 P.3d 1126, 1131-32 (Or. App. 2009)(citations omitted).  I previously ruled in favor of the Trustee on Mr. Paulson's conspiracy and IIED claims on the basis that the Trustee's actions were protected by quasi-judicial immunity, having been performed in the course of her statutory duties under the Bankruptcy Code.  As such, the Trustee cannot be said to have engaged in any unlawful overt act.  Thus, any conspiracy Mr. Paulson might prove had to have existed between Mr. Arbaugh and Mr. Russillo.

The conspiracy allegations of the Amended Complaint are stated in generalities.  No specific conduct is alleged which might reflect "a meeting of the minds" between Mr. Arbaugh and Mr. Russillo to deprive Mr. Paulson unlawfully of the Property.  More importantly, no "unlawful" action, overt or otherwise, is reflected in the record, notwithstanding Mr. Paulson's repeated assertions that FHLF lacked standing to pursue foreclosure of the Property.

Moreover, conspiracy is not a separate tort for which Mr. Paulson can be entitled to damages.  Instead, proof of a conspiracy can be used to make one person jointly liable for another's tortious conduct.  Id. at 1132.

"To prevail on an IIED claim, a plaintiff must prove that (1) the defendant intended to inflict severe emotional distress on the

Page 13 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
         DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

plaintiff, (2) the defendant's actions caused the plaintiff severe emotional distress, and (3) the defendant's actions transgressed the bounds of socially tolerable conduct." Schiele v. Montes, 218 P.3d 141, 144 (Or. App. 2009). The summary judgment evidence submitted by Mr. Arbaugh refutes any suggestion that Mr. Arbaugh intended to inflict severe emotional distress on Mr. Paulson. For example, on May 7, 2010, after the evidentiary hearing on Mr. Paulson's unsuccessful objection to the Settlement Motion, Mr. Paulson sent Mr. Arbaugh an e-mail communication which stated: "Thanks Matt – I know this case has been a pain in many ways. Thanks for your conscientious efforts. . . ." Arbaugh Declaration, Exhibit 13. The May 7, 2010 communication is not the first documentation of Mr. Paulson's satisfaction with Mr. Arbaugh's advocacy on his behalf. On September 30, 2009, five days following the foreclosure sale of the Property, Mr. Paulson sent Mr. Arbaugh an e-mail communication stating: "I believe you have been a [z]ealous advocate for my interests and have long ago expended my retainer. In the future, once I get on my feet if this settles, I want to make that part of it right with you in the end." Arbaugh Declaration, Exhibit 54. Thus, immediately after major setbacks in his attempts to retain the Property, Mr. Paulson expressed his appreciation for the efforts Mr. Arbaugh was making on his behalf. Contemporaneous evidence that Mr. Arbaugh was a zealous advocate counters unsupported allegations in the Amended Complaint that Mr. Arbaugh intended to inflict emotional distress upon Mr. Paulson.

/ / /

Page 14 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
            DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

Based on the foregoing, and particularly in the absence of any evidentiary support for the generalized allegations in the Amended Complaint, Mr. Arbaugh is entitled to judgment as a matter of law dismissing Mr. Paulson's conspiracy and IIED claims for relief.

<u>The malpractice claim for relief</u>

The malpractice allegations against Mr. Arbaugh are stated in the Amended Complaint at paragraph 7.A. through 7.BB. It is clear from the Amended Complaint that the sole harm Mr. Paulson claims to have suffered as a result of Mr. Arbaugh's alleged malpractice is the foreclosure of the Property, and the impact of the foreclosure upon him personally.

> [A]n action for legal malpractice "is not materially different from an ordinary negligence action. . . . It is simply a variety of negligence in which a special relationship gives rise to a particular duty that goes beyond the ordinary duty to avoid a foreseeable risk of harm." <u>Watson v. Meltzer</u>, 270 P.3d 289, 293 (Or. App. 2011). [A] plaintiff [in a malpractice action] can prevail only if he or she proves "(1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, i.e., a causal link between the breach of duty and the harm." <u>Stevens v. Bispham</u>, 851 P.2d 556, 560 (Or. 1993). To establish causation, the plaintiff must show that, but for the defendant's negligence, the plaintiff would not have suffered the claimed harm. <u>Watson</u>, 270 P.3d at 293. In a legal-malpractice action, the plaintiff does so by showing that he or she would have obtained a more favorable result had the defendant not been negligent. <u>Id.</u>

<u>Woods v. Hill</u>, 248 Or. App. 514, 524, ___ P.3d ___, ___ (Or. App. 2012).

The Arbaugh Declaration provides sufficient evidence that Mr. Paulson cannot meet his burden of showing he would have obtained a more favorable result "but for" the alleged malpractice:

> 64. Paulson never represented or suggested to me that he had funds sufficient to cure the debt owed to FHLF on the mortgage

Page 15 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
             DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT

    debt, although he asserted he had the right to do so. Further, as described above in paragraph 54, his Chapter 11 Schedules I and J illustrate that he had no income to cure his debts. Ex. 4 (Doc. #1, Schedules I and J).

    65. I asserted Paulson's right to redeem the [Property] at the time I filed Paulson's objections to FHLF's motion for relief [from] stay on December 23, 2009. Ex. 7 (Doc. #85).

Without an ability to cure the mortgage debt, a matter solely within the control of Mr. Paulson, the Property remained subject to foreclosure regardless of any actions taken or not taken by Mr. Arbaugh in the course of his representation of Mr. Paulson. Thus, Mr. Paulson cannot prevail on a claim for malpractice against Mr. Arbaugh. Therefore, Mr. Arbaugh is entitled to judgment as a matter of law dismissing the malpractice claim for relief. In light of the facts and circumstances stated above, there is no just reason to delay entry of judgment in Mr. Arbaugh's favor. See Civil Rule 54(b), applicable in this adversary proceeding pursuant to Rule 7054(a).

## Conclusion

    Based on the foregoing, I recommend that the district court enter (1) an order granting the Arbaugh SJ Motion, and (2) enter a final judgment dismissing all claims for relief in the adversary proceeding as to Mr. Arbaugh.

# # #

cc:    Lauren John Paulson    Matt Arbaugh
       Paul A.C. Berg    Amy Mitchell
       Susan K. Eggum    Craig Russillo
       Justin D. Leonard

Page 16 - REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE:
        DEFENDANT MATT ARBAUGH'S MOTION FOR SUMMARY JUDGMENT